IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, et al.<br>      Plaintiffs,<br><br>   v.<br><br>STATE OF IDAHO, et al.,<br><br>      Defendants. | Case No.  CV 09-00490-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff Gary Kendall's Demand for Order to Proceed Without Pro Se Review Due to the Inapplicability of 28 U.S.C. § 1915(A) and Motion for Mandatory Joinder of Necessary Plaintiffs (Docket No. 5). The Clerk of Court previously conditionally filed the Complaint, subject to review by the Court to determine whether he is entitled to proceed in forma pauperis. After conducting the review mandated by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint should be dismissed without prejudice to Plaintiff's filing a new action solely on his own behalf.

## ANALYSIS

**Memorandum Decision & Order - 1**

A.     **Request to Proceed Without In Forma Pauperis Review**

Plaintiff Gary Kendall seeks to proceed in formal pauperis, but he argues his Complaint should not be subject to review pursuant to 28 U.S.C. § 1915(e)(2) because he is not a prisoner.  Although Kendall correctly contends that portions of the Prison Litigation Reform Act only apply to prisoners, the provisions of 28 U.S.C. § 1915(e)(2)(B) are not so limited.  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).  Therefore, the Court must review Kendall's complaint to determine whether it states a claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun*, 254 F.3d at 845 .

**II.    Plaintiff's Complaint**

Plaintiff, proceeding pro se, seeks to bring this case as a class action, alleging deprivation of his civil rights under color of law.  But Plaintiff is not an attorney.  While Plaintiff may appear in propria persona on his own behalf ( 28 U.S.C. § 1654), Plaintiff has no authority to appear as an attorney for other persons in a class action.  *McShane v. U.S.,* 366 F.2d 286, 288 (9th Cir. 1966).  Also, Plaintiffs fails to meet the adequate representation standard of Rule 23(a)(4).  "This rule is an outgrowth not only of the belief that a layman, untutored in the law,

**Memorandum Decision & Order - 2**

cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Torrez v. Corrections Corp. of America,* CV 09-2298-PHX-MHM, 2010 WL 320486, *1 (D. Ariz. January 20, 2010) (*quoting Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983)). Plaintiff therefore cannot prosecute the instant action as a class action. *Id. See also Welch v. Terhune,* 11 Fed.Appx. 747, 747(9th Cir. 2001)(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed without prejudice to Plaintiff's filing a new action solely on his own behalf.

IT IS FURTHER ORDERED that Plaintiff's Demand for Order to Proceed Without Pro Se Review Due to the Inapplicability of 28 U.S.C. § 1915(A) and Motion for Mandatory Joinder of Necessary Plaintiffs (Docket No. 5) is DENIED as moot.



DATED: **June 18, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**